IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Francisco Martinez Medina,<br><br>　　　　　　Petitioner,<br><br>v.<br><br>Charles Ryan, et al.,<br><br>　　　　　　Respondents. | No. CV-15-01033-PHX-ROS (ESW)<br><br>**REPORT AND RECOMMENDATION** |

**TO THE HONORABLE ROSLYN O. SILVER, UNITED STATES SENIOR DISTRICT JUDGE:**

　　　Pending before the Court is Francisco Martinez Medina's ("Petitioner") Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus (the "Petition") (Doc. 1). Respondents have filed their Answer (Doc. 13). Petitioner has not replied. The matter is deemed ripe for consideration.

　　　Petitioner raises one ground for habeas relief in the Petition. The undersigned finds that the Petition is time-barred under the one-year statute of limitations set forth in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214.[1] It is therefore recommended that the Petition be denied and dismissed with prejudice.

---

[1] The one-year statute of limitations for a state prisoner to file a federal habeas petition is codified at 28 U.S.C. § 2244(d).

## I. BACKGROUND

On September 16, 2005, Petitioner pled guilty to one count of sexual conduct with a minor, one count of attempted molestation of a child, and one count of attempted sexual conduct with a minor. (Doc. 13-1 at 21-27). The trial court accepted Petitioner's guilty pleas. (*Id*. at 26-27). On November 16, 2005, the trial court sentenced Petitioner to a twenty-year term of incarceration for the sexual conduct with a minor count and lifetime probation for each of the other two counts. (*Id*. at 72-76).

In September 2013, nearly eight years after the entry of judgment and sentencing, Petitioner filed a notice of post-conviction relief ("PCR"). (*Id*. at 78-80). The trial court dismissed the PCR Notice because Petitioner failed to present a claim that could be raised in an untimely PCR proceeding. (*Id*. at 82-83). Petitioner moved for a reconsideration of the dismissal, which the trial court denied. (*Id*. at 86-87, 89-90). On May 5, 2015, the Arizona Court of Appeals granted Petitioner's request for review, but denied relief. (*Id*. at 92-109, 111-13). On June 5, 2015, Petitioner initiated this federal habeas proceeding. (Doc. 1).

## II. FEDERAL HABEAS LAW

Under AEDPA, a state prisoner must file his or her federal habeas petition within one year of the latest of:

> A. The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> B. The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from filing by the State action;
>
> C. The date on which the right asserted was initially recognized by the United States Supreme Court, if that right was newly recognized by the Court and made retroactively applicable to cases on collateral review; or
>
> D. The date on which the factual predicate of the claim presented could have been discovered through the exercise of

due diligence.

28 U.S.C. § 2244(d)(1); *see also Hammerle v. Schriro*, 495 F.3d 1069, 1073-74 (9th Cir. 2007). The one-year limitations period, however, does not necessarily run for 365 consecutive days as it is subject to tolling. Under AEDPA's statutory tolling provision, the limitations period is tolled during the "time during which a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2) (emphasis added); *Roy v. Lampert*, 465 F.3d 964, 968 (9th Cir. 2006) (limitations period is tolled while the state prisoner is exhausting his or her claims in state court and state post-conviction remedies are pending) (citation omitted).

AEDPA's statute of limitations is also subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010) ("Now, like all 11 Courts of Appeals that have considered the question, we hold that § 2244(d) is subject to equitable tolling in appropriate cases."). Yet equitable tolling is applicable only "if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Roy*, 465 F.3d at 969 (citations omitted); *Gibbs v. Legrand*, 767 F.3d 879, 888 n.8 (9th Cir. 2014). A petitioner must show (i) that he or she has been pursuing his rights diligently and (ii) some extraordinary circumstances stood in his or her way. *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005); s*ee also Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009); *Roy*, 465 F.3d at 969.

### III. ANALYSIS

In this case, the relevant triggering event for purposes of AEDPA's statute of limitations is the date on which Petitioner's judgment became "final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Typically "direct review" means a defendant's direct appeal following his or her convictions and sentencing. But under Arizona law, a defendant in a non-capital case who pleads guilty waives his or her right to a direct appeal. *See* ARIZ. REV. STAT. § 13–4033(B). A plea-convicted defendant, however, is entitled to a Rule 32 of-

right proceeding. *See* Ariz. R. Crim. P. 32.1 and 32.4. The deadline for initiating an of-right PCR proceeding is ninety days after the entry of judgment and sentence. Ariz. R. Crim. P. 32.4(a).

Under Ninth Circuit case law, an Arizona defendant's Rule 32 of-right proceeding is a form of direct review within the meaning of 28 U.S.C. § 2244(d)(1)(A). *See Summers v. Schriro*, 481 F.3d 710, 711, 716-17 (9th Cir. 2007). The Ninth Circuit explained that "treating the Rule 32 of-right proceeding as a form of direct review helps make the Arizona Constitution's guarantee of 'the right to appeal in all cases' a functioning reality rather than a mere form of words." *Summers*, 481 F.3d at 717. Therefore, when an Arizona petitioner's Rule 32 proceeding is of-right, AEDPA's statute of limitations does not begin to run until the conclusion of review or the expiration of the time for seeking such review. *See id.*

**A. The Statute of Limitations Began Running on February 14, 2006**

Petitioner was sentenced on November 16, 2005. (Doc. 13-1 at 72-75). Petitioner had 90 days, or until February 14, 2006, to file an of-right PCR notice. Ariz. R. Crim. P. 32.4(a). Petitioner did not file a PCR Notice by the deadline. Therefore, Petitioner's convictions and sentences became final on February 14, 2006 and the one-year statute of limitations began running on February 15, 2006. *Summers,* 481 F.3d at 717; *see Gonzalez v. Thaler*, 132 S.Ct. 641, 654 (2012) (AEDPA's statute of limitations commences upon the expiration of the time for seeking review of petitioner's judgment in a state's highest court); *Randle v. Crawford*, 604 F.3d 1047, 1050, 1054-57 (9th Cir. 2010) (holding that petitioner's conviction became final upon expiration of time for seeking direct review and not upon the date the appellate court dismissed the direct appeal as untimely); *Patterson v. Stewart*, 251 F.3d 1243, 1247 (9th Cir. 2001) ("Excluding the day on which Patterson's petition was denied by the Supreme Court [June 19, 1997], as required by Rule 6(a)'s "anniversary method," the one-year [AEDPA] grace period began to run on June 20, 1997 and expired one year later, on June 19, 1998"). Consequently, unless statutory or equitable tolling applies, Petitioner's one-year

deadline to file a habeas petition expired on February 14, 2007.

### 1. Statutory Tolling Does Not Apply

In September 2013, Petitioner filed his PCR Notice. (Doc. 13-1 at 78-80). The statute of limitations, however, had expired on February 14, 2007. Once the statute of limitations has run, subsequent collateral review petitions do not "restart" the clock. *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003). Moreover, the Arizona Court of Appeals upheld the trial court's dismissal of the PCR proceeding on the ground that it was untimely filed. (Doc. 13-1 at 112). Thus, the PCR Notice was not properly filed and could not have any tolling effect. *Pace*, 544 U.S. at 417.

### 2. Equitable Tolling Does Not Apply

It is a petitioner's burden to establish that equitable tolling is warranted. *Pace*, 544 U.S. at 418; *Rasberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006) ("Our precedent permits equitable tolling of the one-year statute of limitations on habeas petitions, but the petitioner bears the burden of showing that equitable tolling is appropriate."). As mentioned, a petitioner seeking equitable tolling must establish that: (i) he or she has been pursuing his or her rights diligently and (ii) that some extraordinary circumstances stood in his or her way. A petitioner must also show that the "extraordinary circumstances" were the "but-for and proximate cause of his [or her] untimeliness." *Allen v. Lewis*, 255 F.3d 798, 800 (9th Cir. 2001) (per curiam); *see also Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009). A petitioner's *pro se* status, on its own, is not enough to warrant equitable tolling. *See, e.g., Johnson v. United States*, 544 U.S. 295, 311 (2005) ("[W]e have never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness."). Petitioner does not allege that he is entitled to equitable tolling. Nor does the Petition set forth grounds that would justify equitable tolling. As Petitioner has not met his burden of showing that extraordinary circumstances made it impossible for him to file a timely federal petition, equitable tolling is therefore unavailable.

**B. As the Statute of Limitations Expired on February 14, 2007, this Federal Habeas Proceeding Initiated on June 5, 2015 is Untimely**

To summarize the preceding sections, Petitioner's convictions and sentences became final on February 14, 2006 and AEDPA's statute of limitations began running on February 15, 2006. Neither statutory nor equitable tolling applies. Accordingly, the statute of limitations expired on February 14, 2007, which means that the Petition filed on June 5, 2015 is a number of years late. Petitioner makes no claim that the Court should apply the "actual innocence gateway" to excuse the untimeliness of the Petition.[2]

### IV. CONCLUSION

Based on the foregoing reasons, the undersigned recommends that the Court deny and dismiss with prejudice the Petition (Doc. 1) on the basis that it is time-barred.

Accordingly,

**IT IS RECOMMENDED** that the Petition (Doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that a certificate of appealability and leave to proceed in forma pauperis on appeal be denied because dismissal of the Petition is justified by a plain procedural bar.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. Thereafter, the parties have fourteen days within which to file a response to the

---

[2] In *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1931-34 (2013), the Supreme Court announced an equitable exception to AEDPA's statute of limitations. The Court held that the "actual innocence gateway" to federal habeas review that was applied to procedural bars in *Schlup v. Delo*, 513 U.S. 298, 327 (1995) and *House v. Bell*, 547 U.S. 518 (2006) extends to petitions that are time-barred under AEDPA. The "actual innocence gateway" is also referred to as the "*Schlup* gateway" or the "miscarriage of justice exception."

objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 29th day of August, 2016.

_____
Eileen S. Willett
United States Magistrate Judge